Louis Pechman
Laura Rodriguez
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
Fax: (212) 308-8763
pechman@pechmanlaw.com
rodriguez@pechmanlaw.com
*Attorneys for Plaintiff and the*
*Putative FLSA Collective*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

| | |
|---|---|
| JESUS CADENA, on behalf of himself and all others similarly situated, : : : | |
| Plaintiff, : : | **COMPLAINT** |
| -against- : : | |
| THREE STAR ON FIRST INC.  d/b/a THREE STAR DINER, IOANNIS KIRIAKAKIS, GEORGIA I. KIRIAKAKIS, and JOHN N. KIRIAKAKIS : : : : : | **COLLECTIVE ACTION** |
| Defendants. : | |

------------------------------------------------------------------- X

      Plaintiff Jesus Cadena ("Plaintiff" or "Cadena"), on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of defendants Three Star on First Inc. d/b/a Three Star Diner ("Three Star Diner"), Ioannis Kiriakakis, Georgia I. Kiriakakis, and John N. Kiriakakis (collectively, "Defendants") alleges:

## NATURE OF THE ACTION

      1.    Cadena works at Defendants' Manhattan restaurant, Three Star Diner, as a server.  Throughout his employment, Defendants failed to pay Cadena, and other servers, minimum and overtime wages in accordance with the FLSA and NYLL .

Additionally, Defendants failed to provide Plaintiff and other servers with a wage notice upon hiring and failed to provide weekly wage statements.

2.      Cadena brings this action on behalf of himself and all similarly situated servers of Three Star Diner to recover unpaid minimum and overtime wages, spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, and attorney's fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law § 190, *et seq.* ("NYLL").

## JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because Three Star Diner is located in the Southern District of New York.

## THE PARTIES

**Plaintiff Jesus Cadena**

5.      Cadena resides in Queens, New York.

6.      Defendants have employed Cadena as a server at Three Star Diner from approximately October 2013 to the present.

**Defendants**

7.      Defendant Three Star on First Inc. owns and operates Three Star Diner, a restaurant located on 1462 First Avenue, New York, New York 10075 that is open 24 hours per day.

8.      Three Star on First Inc. d/b/a Three Star Diner is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

9.     Three Star on First Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.     Within the three years preceding the filing of this Collective Action Complaint, Three Star on First Inc. has had an annual gross volume of sales in excess of $500,000.

11.     Defendant Ioannis ("Jimmy") Kiriakakis is chief executive officer of Three Star on First Inc.

12.     Throughout Cadena's employment, Ioannis Kiriakakis has been present at Three Star Diner as the night shift manager.

13.     Ioannis Kiriakakis hires and fires employees, sets their wage rates, sets their schedules, and directs their work duties.

14.     Ioannis Kiriakakis decided to pay Cadena and other servers at Three Star Diner $5.00 per hour worked.

15.     Ioannis Kiriakakis is listed as the "principal" on the liquor license of Three Star on First Inc.

16.     Ioannis Kiriakakis exercises sufficient control over Three Star Diner's operations to be considered Plaintiff's employer under the FLSA and NYLL.

17.     Defendant Georgia I. Kiriakakis is a manager at Three Star Diner.

18.     Throughout Cadena's employment, Georgia I. Kiriakakis has been present at Three Star Diner throughout the day and supervises the work done by employees.

19.     Georgia I. Kiriakakis has directed the work duties of Cadena.  For example, Georgia I. Kiriakakis has assigned Cadena the tables that he would service for the shift.

20.     Georgia I. Kiriakakis disciplines employees at Three Star Diner.

21.     Georgia I. Kiriakakis exercises sufficient control over Three Star Diner's operations to be considered Plaintiff's employer under the FLSA and NYLL.

22.     Defendant John N. Kiriakakis is an owner of Three Star on First Inc.

23.     Throughout Cadena's employment, John N. Kiriakakis has been present at Three Star Diner as the day shift manager.

24.     John N. Kiriakakis hires and fires employees, sets their wage rates, sets their schedules, and directs their work duties.

25.     John N. Kiriakakis hired Cadena.

26.     John N. Kiriakakis worked with Ioannis Kiriakakis to set the work schedules of servers at Three Star Diner.

27.     John N. Kiriakakis exercises sufficient control over Three Star Diner's operations to be considered Plaintiff's employer under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

28.     Cadena brings the claims in this Complaint arising out of the FLSA on behalf of himself and all similarly situated servers who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

29.     The FLSA Collective consists of approximately fifteen servers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages, spread-of-hours pay, and other monies.

30.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL.  This policy and pattern or practice includes, *inter alia,* the following:

4

a.  failing to keep accurate records of hours worked by the FLSA Collective as required by the FLSA and the NYLL;

b.  failing to pay the FLSA Collective minimum wages for all hours worked;

c.  failing to pay the FLSA Collective overtime pay for all hours worked over forty;

d.  failing to pay the FLSA Collective spread-of-hours compensation for each day in which their workdays spanned more than ten hours;

e.  failing to provide the FLSA Collective with accurate wage statements at the end of each pay period; and

f.  failing to provide the FLSA Collective with wage notices at the time of hiring or whenever their rates of pay changes.

31.    Defendants have engaged in unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

32.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

33.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Three Star Diner and are readily identifiable and locatable through its records.  Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

**PLAINTIFF'S FACTUAL ALLEGATIONS**

34.    From the start of his employment through in or about June 2017, Cadena regularly worked Sunday to Wednesday from approximately 4:00 p.m. to 10:00 p.m. and Friday and Saturday from approximately 10:00 p.m. to 6:00 a.m., for a total of about forty hours per workweek.

35.    From in or about mid-June 2017 through the present, Cadena has regularly worked Monday to Wednesday from approximately 4:00 p.m. to 10:00 p.m.

and Friday and Saturday from approximately 10:00 p.m. to 6:00 a.m., for a total of about thirty-four hours per workweek.

36.     Periodically, Cadena has worked double shifts, spanning more than ten hours in length, for a total of more than forty hours worked.

37.     Cadena is sometimes scheduled to work double shifts on holidays.

38.     For example, Cadena worked a double shift that lasted from the evening of New Year's Eve to the morning of New Year's Day, December 31, 2016 to January 1, 2017. He worked from 4:00 p.m. to 6:00 a.m.

39.     Throughout Cadena's employment, Defendants have paid him $5.00 per hour worked, including hours over forty per workweek.

40.     When Cadena worked forty hours per week, he was paid $200.00 in cash weekly.

41.     Cadena currently works approximately thirty-four hours per week and is paid $170.00 in cash weekly.

42.     Defendants did not provide Cadena and the other servers working at Three Star Diner with notice of the tip credit provisions of the FLSA and the NYLL, or their intent to apply a tip credit to the servers' wages.

43.     Defendants' improperly applied a tip credit because they failed to provide lawful notice regarding the tip credit to Cadena and the other servers. As such, they deprived Plaintiff and the other servers of their statutory minimum wages under the FLSA and the NYLL.

44.     Even though the tipped minimum wage increased to $7.50 on December 31, 2015, Defendants have continued to pay servers at the former tipped minimum wage rate of $5.00 per hour.

45.    Cadena and other servers are paid at a straight-time rate for all hours worked, including hours worked over forty per week.  Defendants do not pay them the overtime premium calculated at one and one-half (1 ½) times the full minimum wage.

46.    Cadena and other servers are not paid an extra hour of wages at the full minimum wage rate on days that their shifts span more than ten hours, as required by the NYLL.

47.    Defendants have not furnished Cadena or other servers with wage statements with each payment of wages as required by the NYLL.

48.    Defendants have not furnished Cadena or other servers with wage notices as required by the NYLL.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

49.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

50.    The FLSA requires that employers pay employees a minimum wage for all hours worked.

51.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiff.

52.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.* and the supporting federal regulations, apply to Defendants.

53.    Defendants have failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

54.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to

comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

55.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective suffered damages by being denied minimum wage payments in accordance with the FLSA in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

56.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

57.    The NYLL requires that employers pay employees a minimum wage for all hours worked.

58.    Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiff.

59.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants.

60.    Defendants failed to pay Plaintiff and other servers the minimum wages to which they were entitled to under the NYLL and its supporting regulations.

61.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and other servers the minimum hourly wage.

62.    As a result of Defendants' violations of the NYLL, Plaintiff and servers that opt-in to this action are entitled to recover their unpaid wages, reasonable

attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

63.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

64.    Plaintiff and the FLSA Collective have worked over forty hours per week while employed by Defendants.

65.    Defendants are required to pay Plaintiff and the FLSA Collective one and one-half (1½) times their regular hourly rates for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

66.    Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

67.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

68.    Due to Defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

69.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

70.    Under the NYLL and supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiff and other servers one and one half (1½) times their regular hourly rates for all hours worked in excess of forty per week.

71.     Defendants have failed to pay Plaintiff and other servers the overtime wages to which they were entitled under the NYLL.

72.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and servers proper overtime wages.

73.     Due to Defendants' willful violations of the NYLL, Plaintiff and servers that opt-in to this action are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

74.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

75.     Defendants have willfully failed to pay Plaintiff and other servers additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

76.     By Defendants' failure to pay Plaintiff and other servers spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. § 146-1.6.

77.     Due to Defendants' willful violations of the NYLL, Plaintiff and servers that opt-in to this action are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

**SIXTH CLAIM**
**(New York Labor Law – Failure to Provide Annual Wage Notices)**

78.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

79.     The NYLL and Wage Theft Prevention Act ("WTPA"), as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

80.     From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

81.     In violation of NYLL § 191, Defendants have failed to furnish Plaintiff and other servers, at the time of hiring or whenever there was a change to their rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

82.     Due to Defendants' violation of NYLL § 195(1), Plaintiff and servers that opt-in to this action are entitled to recover from Defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable

attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

### SEVENTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

83.    Plaintiff repeats and realleges all foregoing paragraphs as if set forth herein.

84.    The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

85.    Throughout Plaintiff's employment with Defendants, Defendants have paid Plaintiff and other servers in cash, without providing a wage statement at the end of every pay period accurately listing, *inter alia*, credits and allowances, if any, claimed as part of the minimum wage, the number of hours worked in the workweek, the rate of pay, and the overtime rate, in violation of the NYLL § 195(3) and the New York State Department of Labor Regulations.

86.    Due to Defendants' violation of NYLL § 195(3), Plaintiff and servers that opt-in to this action are entitled to recover from Defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a.    authorize the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of servers who were employed by Defendants during the three years immediately preceding the filing of this action.  This

notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b.      declare that Defendants have violated the minimum wage and overtime provisions of the FLSA and the NYLL;

c.      declare that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

d.      declare that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

e.      declare that Defendants' violations of the FLSA and NYLL were willful;

f.      award Plaintiff and the FLSA Collective unpaid minimum wages;

g.      award Plaintiff and the FLSA Collective unpaid minimum and overtime wages;

h.      award Plaintiff and other servers that opt-in to this action unpaid spread-of-hours pay;

i.      award Plaintiff and the FLSA Collective liquidated damages pursuant to the FLSA and to the NYLL;

j.      award Plaintiff and other servers that opt-in to this action statutory damages as a result of Defendants' failure to furnish accurate wage notices pursuant to the NYLL;

k.      award Plaintiff and other servers that opt-in to this action statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the NYLL;

l.      award Plaintiff and other servers that opt-in to this action pre- and post-judgment interest under the NYLL;

13

m.      award Plaintiff and the FLSA Collective reasonable attorneys' fees

and costs pursuant to the FLSA and the NYLL; and

n.      award such other and further relief as the Court deems just and

proper.

Dated: New York, New York
       September 26, 2017

PECHMAN LAW GROUP PLLC

By: _____
    Louis Pechman
    Laura Rodriguez
    488 Madison Avenue, 11th Floor
    New York, New York 10022
    (212) 583-9500
    pechman@pechmanlaw.com
    rodriguez@pechmanlaw.com
    *Attorneys for Plaintiff and the
    Putative FLSA Collective*