# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

**488 MADISON AVENUE**
**NEW YORK, NEW YORK 10022**
**(212) 583-9500**
**WWW.PECHMANLAW.COM**

August 30, 2018

**VIA ECF**

Hon. Barbara C. Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Cadena v. Three Star on First Inc., et al.*
              No. 17 Civ. 7321 (BCM)

Dear Judge Moses:

      Enclosed is a revised settlement agreement, re-executed by Plaintiffs and Defendants (collectively, the "Parties"), for review by Your Honor. The settlement agreement, attached as Exhibit A, was updated following a conference call with the Court on August 9, 2018 and replaces the settlement agreement previously submitted on August 3, 2018. (ECF No. 54-1.)

      The terms of the revised settlement agreement are identical to the previously submitted agreement but for a change to the settlement payment schedule and a revision of the language in Section 3(a) detailing the entities that Plaintiffs have released. The release has been narrowed and the parties believe the language is now acceptable and accords with the releases permitted by the Court in wage-and-hour matters, in light of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

      On August 9, 2018, during the conference call held by Your Honor with counsel for the Parties, it was suggested that the Parties reduce the amount to be recovered from the settlement as attorneys' fees so that it equals one-third of the net settlement amount (*i.e.*, the gross settlement amount minus costs). To clarify, that is how the original, and revised, settlement agreements calculate the contingency fee. Here, the costs are $645.92. After costs, the net settlement amount is $49,354.08. One-third of that net amount, $16,451.36, is the attorneys' fee allocation.

      To the extent that the Court requires that the fees and costs *together* equal or are less than one-third of the total settlement value, the Parties could find no authority including costs as part of a fee award. The amounts apportioned for fees and costs in

the agreements are dictated by Plaintiff's retainer agreement, which sets fees to one-third of the net settlement amount and which is enforceable as written. *See In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written.").

During the conference call, the Court referenced a decision by Judge Engelmayer as support for including costs in the one-third contingency amount. Counsel were unable to find any such decision. Rather, in two of his recent decisions, Judge Engelmayer evaluated the percentage that the fee amount *alone* constituted of either the total settlement value, *Bukhari v. Senior*, No. 16-CIV-9249(PAE)(BCM), 2018 WL 559153, at *1 (S.D.N.Y. Jan. 23, 2018), or of the net settlement value, *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 231 (S.D.N.Y. 2016).

Reducing attorneys' fees by the amount expended as costs would set a dangerous precedent and would disincentivize plaintiffs' attorneys from incurring costs in a case or accepting smaller cases. For example, plaintiffs' attorneys may think twice about taking a deposition, mailing items by overnight delivery, or using costly interpreter services. The FLSA itself contemplates reimbursing plaintiffs' attorneys' disbursements *in addition to* their reasonable (*i.e.* one-third) fee to encourage representation of low-wage workers. 29 U.S.C. § 216(b) (entitling FLSA plaintiffs to separate awards of "reasonable attorney's fees to be paid by the defendant, and costs of the action"); *see also Black v. Nunwood, Inc.*, No. 1:13-CV-7207 (GHW), 2015 WL 1958917, at *3 (S.D.N.Y. Apr. 30, 2015) ("The FLSA defines costs and fees separately."). Here, the attorneys' fee allocation equals one-third of the net settlement amount and is also necessarily less than one-third of the total settlement sum, $16,666.67. Therefore, regardless of whether the fee allocation is considered against the net or total settlement sum, it is a percentage that is fair and "routinely approved in this Circuit." *Abreu v. Glenda Food Corp.*, No. 17-CIV-2006 (HBP), 2018 WL 2388532, at *3 (S.D.N.Y. May 25, 2018) (approving fee allocation in settlement agreement of one-third of the net settlement fund). Accordingly, the attorneys' fees and costs in this matter equal $17,097.28 ($16,451.36 in attorneys' fees and $645.92 in costs). For ease of distribution, the number is rounded down in the enclosed settlement agreement, allocating a total of $17,097 as attorneys' fees and costs.

We thank the Court for its time and consideration of this matter and remain available to submit additional information should the Court require it.

Respectfully submitted,

Louis Pechman

cc: Counsel for Defendants (via ECF)

Enclosures